# United States Court of Appeals
## For the First Circuit

No. 20-1201

JACKY CELICOURT,

Petitioner,

v.

WILLIAM P. BARR,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Thompson, Boudin, and Kayatta,
<u>Circuit Judges</u>.

Melanie Chaput, with whom Chaput Law Office was on brief, for petitioner.

Vanessa M. Otero, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Jeffrey Bossert Clark, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, on brief for respondent.

November 17, 2020

**BOUDIN, Circuit Judge.** Jacky Celicourt ("Celicourt"), a citizen of Haiti, petitions this Court to review a Board of Immigration Appeals ("BIA") decision to deny Celicourt's requests for asylum and withholding of removal under the Immigration and Naturalization Act ("INA") and for protection under the Convention Against Torture ("CAT").

Celicourt's claims in this case stem from an incident in Haiti on November 2, 2017 when, he alleges, a Jeep was waiting for him as he left his mother's home and tried to run him over. As he hid under another car, the Jeep's occupants shot at him and yelled that they would "get" him anyway. Celicourt went to the police but could not identify the assailants. Celicourt thinks that they were members of the Tèt Kale political party, which opposes his political views.

On March 12, 2018, Celicourt entered the United States with a visitor's visa. He overstayed, and on January 24, 2019, he was ordered to appear before an Immigration Judge. In the hearing, Celicourt made three arguments. First, in support of asylum, he claimed that he was a refugee "unable or unwilling to return to, and ... unable or unwilling to avail himself or herself of the protection of, [his home] country" due to his membership in the Pitit Dessalin party and his political opinions. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). Second, he argued that his "life or freedom would be threatened" in Haiti on account of his

-2-

political participation in the Pitit Dessalines and thus that he was eligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(A). Finally, Celicourt contended that it was "more likely than not" that he would be tortured if he were removed to Haiti and therefore that the United States had an obligation under Article 3 of CAT not to remove him. 8 C.F.R. § 208.16(c)(4).

The Immigration Judge found that Celicourt was a credible witness but that his claim of being attacked "on account of a protected ground," such as his participation in the Pitit Dessalines, was "essentially based on speculation and conjecture." Similarly, the court found that "specific grounds [for believing Celicourt would be subjected to torture] do not exist." The court then denied his petition, and, on appeal, the BIA agreed.

"We review an [Immigration Judge's] findings of fact, including the determination of whether persecution occurred on account of a protected ground, under the familiar and deferential substantial evidence standard." Ivanov v. Holder, 736 F.3d 5, 11 (1st Cir. 2013) (internal citation omitted). Under that standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Asylum. For the purposes of asylum relief, "[t]he burden of proof is on the applicant to establish that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(i). The applicant can "satisfy

this obligation by showing that she has been persecuted in the past on account of [race, religion, nationality, membership in a particular social group, or political opinion] or, alternatively, that a well-founded fear of future persecution on such a ground exists."  Lopez de Hincapie v. Gonzales, 494 F.3d 213, 217 (1st Cir. 2007).

Regardless of whether the applicant attempts to show past or future persecution, the applicant must show (1) serious harm (either past or anticipated); (2) that the harm occurred or will occur "on account of" race, religion, nationality, membership in a particular social group, or political opinion (the "nexus" requirement); and (3) a connection between the harm and government action or inaction.  See Aguilar-De Guillen v. Sessions, 902 F.3d 28, 33 (1st Cir. 2018).  "[A]n inability to establish any one of the three elements of persecution will result in a denial of the asylum application."  Id. (internal citation omitted).

Celicourt testified that he could not identify his attackers.  "[I]n the absence of a positive identification," Celicourt was required "to furnish some credible evidence of the motivation underlying the threats."  Lopez de Hincapie, 494 F.3d at 219.  Here, his attorney stated that Celicourt thought his assailants were attacking him due to his political activity because "[t]here was no other motivation except for his political activity."  That is not enough.  Because Celicourt could not

-4-

establish a nexus between the 2017 attack and a protected ground, his petition was properly denied.

Celicourt also argues that in Haiti there is a pattern of persecution of members of Pitit Dessalines by members of the ruling Tèt Kale party such that he should be granted refugee status due to his "well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(2). But federal regulations require "a reasonable likelihood of persecution of all persons in the group." Sosa-Perez v. Sessions, 884 F.3d 74, 82 (1st Cir. 2018) (internal citation omitted). Haiti's political violence, said the BIA, was not so widespread to "establish that similarly situated persons to the respondent are persecuted by [Tèt Kale]." The record does not compel a different conclusion.

Withholding of Removal. To make out a claim for withholding of removal, Celicourt "bears the burden of establishing his eligibility . . . by demonstrating that it is 'more likely than not' that he will be persecuted on account of one of the five protected grounds if removed" to Haiti. Hernandez-Lima v. Lynch, 836 F.3d 109, 113 (1st Cir. 2016). Like a request for asylum, a claim for withholding of removal requires a "nexus" between the alleged persecution and one of the statutorily protected grounds. See 8 C.F.R. § 1208.16(b).

In Hernandez-Lima, the petitioner "offered only an unsupported theory that any harm he suffered was on account of a

protected ground." 836 F.3d at 115. As in Hernandez-Lima, Celicourt testified that he did not know who shot at him and provided only an unsupported theory of their motivation. He needed something more to prove a nexus.

Convention Against Torture. To be eligible for CAT relief, Celicourt must show that, "more likely than not," he will be tortured if he returns to Haiti. 8 C.F.R. § 208.16(c)(2). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). We review a denial of CAT protection under the substantial evidence rubric. Lopez de Hincapie, 494 F.3d at 220.

Celicourt did not put forward any proof that he was, or might in the future be, attacked by "state actors or alternatively, that the authorities would be in some way complicit (or, at least, acquiescent) in the torture." Id. at 221. His only proof of state actor involvement is that the Tèt Kale party was in power at the time of his incident.

Moreover, Celicourt testified that, after he was attacked in 2017, he filed a police report with local authorities. Although that report did not result in any arrests, a failed investigation does not automatically constitute acquiescence.

Thus, the record does not compel a conclusion that a state actor acquiesced to or was responsible for the 2017 incident or that, "more likely than not," state actors would be complicit in torturing Celicourt in the future.

The petition is denied.